IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**Denver Starcher**, on behalf
of himself and all other persons
and entities similarly situated,

        Plaintiffs,

vs.

**Triad Hunter, LLC**, a foreign
limited liability company dba
Triad Hunter nka as
**SWN Production (Ohio), LLC,**
a foreign limited liability company, and
**SWN Production Company, LLC**,
a foreign limited liability company,

        Defendants.

Case No.: 5:23-cv-61
Judge: Bailey

ELECTRONICALLY FILED
2/22/2023
U.S. DISTRICT COURT
Northern District of WV

**CLASS ACTION COMPLAINT,
COMPLAINT FOR DECLARATORY JUDGMENT,
<u>AND OTHER RELIEF</u>**

    Now comes the plaintiff, Denver Starcher ("Plaintiff"), individually and on behalf of all others similarly situated individuals and entities, by and through his undersigned counsel, Daniel J. Guida, Esq., Guida Law Offices, PLLC, and Christian E. Turak, Esq. and Jeremy M. McGraw, Esq., Gold, Khourey & Turak, L.C., and for his class action complaint and complaint for declaratory judgment pursuant to the Uniform Declaratory Judgment Act (28 U.S. Code § 2201 *et seq.*), and Rule 57 of the Federal Rules of Civil Procedure, and other relief, state and allege as follows:

1

## GENERAL ALLEGATIONS

### A. Introduction

1. The defendants, SWN Production (Ohio), LLC, f/k/a Triad Hunter, LLC ("SWNPO") and SWN Production Company, LLC ("SWNPC") improperly deducted post-production costs from Plaintiff's and all other similarly situated persons' oil and gas royalty payments.

2. Plaintiff's oil and gas leases fail to expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale, fail to identify with particularity the specific deductions the lessee intends to take, and fail to provide a method of calculating the amount to be deducted from royalty payments.

3. Therefore, and pursuant to controlling West Virginia law, the lessee of Plaintiff's oil and gas leases is not permitted to deduct post-production costs from their royalty payments.

4. Accordingly, Plaintiff brings this class action on behalf of himself and all other similarly-situated persons and entities, as follows:

> Persons and entities, including their respective successors and assigns, to whom SWNPO and/or SWNPC have paid oil and gas royalties on oil and gas produced by SWNPO and/or SWNPC pursuant to oil and gas leases which contain the following royalty payment provision, without regard to whether the royalty is one-eighth or some other figure: "In consideration of the premises the Lessee covenants and agrees: (A) To deliver to the credit of the Lessor in tanks or pipelines, as royalty, free of cost one-eighth (1/8) part of all oil produced and saved from the premises, or at Lessee's option to pay to Lessor the market price for such one-eighth (1/8) royalty oil at the published rate for oil of like grade and gravity prevailing on the date such oil is run into tanks or pipelines. In either case the Lessor to pay his royalty share of any expense, if any, for treating the oil from any well to make it marketable as crude; (B) To pay to the Lessor, as royalty, for the

> gas, including casinghead gas, coalbed methane gas, and other gaseous substances produced from each well drilled thereon, and marketed and used off the premises, one-eighth (1/8) of the price paid to Lessee at the well of such gas, less any charges for gathering, transportation, compression or line loss."

(collectively, the "Class Members").

5. The principal damages resulting from the alleged conduct or any related conduct of SWNPO and SWNPC in this action were incurred in the State of West Virginia, and, during all relevant periods herein, SWNPO and SWNPC were doing business in the State of West Virginia.

6. Plaintiff is unaware of any other class actions having been filed asserting the same or similar facts or allegations against SWNPO or SWNPC on behalf of the same or other persons or entities.

7. There are common questions of law and fact predominating over any questions affecting only individual Class Members.

8. This class action offers the most appropriate means of adjudicating the claims and defenses to the matters set forth herein.

**B.    Parties**

9. Plaintiff is a natural person who resides in Knox County, Tennessee.

10. SWNPO is a foreign limited liability company doing business in the State of West Virginia with a principal place of business at 10000 Energy Drive, Spring, TX 77389. SWNPO was and is involved in oil and gas exploration, development, and extraction in Tyler County, West Virginia. SWNPO is formerly known as Triad Hunter, LLC ("Triad").

3

11. SWNPC is a foreign limited liability company doing business in the State of West Virginia with a principal place of business at 10000 Energy Drive, Spring, TX 77389. SWNPC was and is involved in oil and gas exploration, development, and extraction in Tyler County, West Virginia.

### C. Jurisdiction and Venue

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a class action for a sum exceeding $5,000,000, exclusive of interest and costs, and in which at least one class member is a citizen of a state different than SWNPO and SWNPC.

13. This Court has personal jurisdiction against SWNPO and SWNPC because it conducts business in the State of West Virginia and/or has otherwise intentionally availed itself of the West Virginia consumer market through the promotion and marketing of oil and gas development. This purposeful availment renders the exercise of jurisdiction by this Court over SWNPO and SWNPC permissible under traditional notions of fair play and substantial justice.

14. Venue is proper in the Northern District of West Virginia under 28 U.S.C. § 1391 because hundreds or thousands of the Class Members either reside in the Northern District of West Virginia; SWNPO and SWNPC engaged in business in the Northern District of West Virginia; a substantial part of the events or omissions giving rise to the claims at issue occurred in the Northern District of West Virginia; and because SWNPO and SWNPC entered into transactions and/or received substantial profits from the Class Members who reside in the Northern District of West Virginia.

15. All conditions precedent to the institution and maintenance of this action have been performed, excused, waived, or have otherwise occurred.

**D.   Factual Allegations**

   **i)   Oil and Gas Leases**

16. Plaintiff owns an interest in the oil and gas minerals underlying three (3) parcels of land containing 195.98 acres of real property located in Tyler County, West Virginia. Plaintiff also owns an interest in the oil and gas minerals underlying an additional fifteen (15) parcels of land containing 208.26 acres of real property also located in Tyler County, West Virginia (the 195.98-acre and 208.26-acre parcels of land are, collectively, the "Property").

17. By Oil and Gas Lease Paid Up, dated March 1, 2011, Plaintiff leased his interest in the oil and gas minerals underlying the 195.98-acre parcel to Triad. A memorandum of the aforementioned-lease is of record with the Clerk of the County Commission of Tyler County in Deed Book No. 383, page 55. A copy of said lease and memorandum is attached hereto as **Exhibit A** and incorporated herein.

18. Also by Oil and Gas Lease Paid Up, dated March 1, 2011, Plaintiff leased his interest in the oil and gas minerals underlying the 208.26-acre parcel to Triad. A memorandum of the aforementioned-lease is of record with the Clerk of the County Commission of Tyler County in Deed Book No. 383, page 81. A copy of said lease and memorandum is attached hereto as **Exhibit B** and incorporated herein.

19. Both oil and gas leases contain the same relevant language and are collectively referred to as the "Starcher Leases."

20. The Starcher Leases are form documents such that, other than language identifying specific tracts of land, deed book references, contracting parties and dates of

execution, the material terms of said lease are identical to other oil and gas leases that Triad entered into with mineral owners in the State of West Virginia (collectively, the "Triad Leases").

21.     Specifically, each of the Triad Leases require that lessor is to be paid oil and gas royalties in the following manner:

> In consideration of the premises the Lessee covenants and agrees: (A) To deliver to the credit of the Lessor in tanks or pipelines, as royalty, free of cost one-eighth (1/8) part of all oil produced and saved from the premises, or at Lessee's option to pay to Lessor the market price for such one-eighth (1/8) royalty oil at the published rate for oil of like grade and gravity prevailing on the date such oil is run into tanks or pipelines. In either case the Lessor to pay his royalty share of any expense, if any, for treating the oil from any well to make it marketable as crude; (B) To pay to the Lessor, as royalty, for the gas, including casinghead gas, coalbed methane gas, and other gaseous substances produced from each well drilled thereon, and marketed and used off the premises, one-eighth (1/8) of the price paid to Lessee at the well of such gas, less any charges for gathering, transportation, compression or line loss.

22.     Some lessors, such as Plaintiff, negotiated a higher royalty than one-eighth without altering any of the other terms contained in the Triad Leases' royalty provision.

23.     For example, pursuant to the Starcher Leases, Plaintiff is due a fourteen percent (14%) royalty rather than one-eighth (1/8) royalty. No other terms of the royalty provision in the Starcher Leases were altered or amended in any way.

E.      **Improper Deductions of Post-Production Costs**

24.     Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease expressly provides that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

25. The Triad Leases do not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

26. Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease identifies with particularity the specific deductions the lessee intends to take from the lessor's royalty.

27. The Triad Leases do not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty.

28. Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease indicates the method of calculating the amount to be deducted from the royalty for post-production costs.

29. The Triad Leases do not indicate a method of calculating the amount to be deducted the from a lessor's royalty payments for post-production costs.

30. Accordingly, at no time have any of the lessees of the Triad Leases been permitted to deduct post-production costs from Plaintiff's and the Class Members' royalty payments.

31. Notwithstanding the foregoing, SWNPO and/or SWNPC have deducted post-production costs from Plaintiff's and the Class Members' royalty payments.

32. Further, SWNPO and/or SWNPC have and continue to deduct post-production costs from Plaintiff's and the Class Members' royalty payments.

33. Upon information and belief, SWNPO and/or SWNPC will continue to deduct post-production costs from Plaintiff's and the Class Members' royalty payments unless ordered otherwise by this Court.

34. SWNPC tenders royalty payments to Plaintiff and the Class Members.

35. By deducting post-production costs from Plaintiff's and the Class Members' royalty payments, SWNPO and/or SWNPC have breached the implied duty to market.

36. SWNPO and/or SWNPC owed and/or owe duties and had and/or have responsibilities under West Virginia law to comply with the express and implied terms and conditions of their oil and gas lease.

37. SWNPO and/or SWNPC had and/or have the responsibility to pay Plaintiff and the Class Members all monies exactly due and owing to them under their oil and gas leases and West Virginia law.

## First Cause of Action
### (Breach of Contract)

38. Plaintiff restates the preceding allegations as if set forth herein verbatim.

39. The Triad Leases are valid and enforceable contracts between the parties.

40. The Triad Leases do not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

41. The Triad Leases do not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty.

42. The Triad Leases do not expressly indicate a method of calculating the amount to be deducted from the lessor's royalty payments.

43. SWNPO and/or SWNPC breached the Triad Leases by deducting post-production costs from Plaintiff's and the Class Members' royalty payments.

44. As a direct and proximate result of SWNPO and/or SWNPC breaches of the Triad Leases, Plaintiff and the Class Members have suffered damages.

45. Upon information and belief, SWNPO and/or SWNPC will continue to breach the Triad Leases as alleged in this Complaint.

## Second Cause of Action
### (Accounting)

46. Plaintiff restates the preceding allegations as if set forth herein verbatim.

47. SWNPO and/or SWNPC have received and/or continue to receive monies in connection with sale of oil and gas produced and marketed pursuant to the Triad Leases, in which Plaintiff and the Class Members hold royalty interests under the terms of their respective leases.

48. SWNPO and/or SWNPC as lessees or previous lessees of the Triad Leases are subject to certain implied duties and/or legal or equitable obligations to Plaintiff and the Class Members, such as cooperation and reasonableness, and the right to an accounting from the sale of oil and gas produced and marketed, including the total amount of oil and gas extracted from and sold, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any oil and gas royalties are paid.

49. The amounts due and owing Plaintiff and the Class Members are unknown and cannot be ascertained without an accounting, since the information necessary to determine the amounts is within the exclusive knowledge of SWNPO and/or SWNPC. However, it is believed that said amounts will exceed the sum or value of $5,000,000, exclusive of interest and costs.

50. Plaintiff's and the Class Members' legal remedies are inadequate to obtain such information.

## Third Cause of Action
### (Interest Pursuant to W. Va. Code § 37C-1-3)

51. Plaintiff restates the preceding allegations as if set forth herein verbatim.

52. Pursuant to W. Va. Code § 37C-1-3,

> All regular production payment from horizontal wells due and owing to an interest owner shall be tendered in a timely manner, which shall be tendered in a timely manner, which shall not exceed 120 days from the first date of sale of oil, natural gas, or natural gas liquids is realized and within 60 days thereafter for each additional sale, unless such failure to remit is due to lack of record title in the interest owner, a legal dispute concerning the interest, a missing or unlocatable owner of the interest, or due to conditions otherwise specified in this article.

53. Additionally, W. Va. Code § 37C-1-3 states that failure to timely remit payment" "shall result in a mandatory additional payment of an interest penalty to be set at the prime rate plus an additionally two percent until such payment is made, to be compounded quarterly."

54. SWNPO and/or SWNPC have not timely remitted royalty payments to Plaintiff and the Class Members as required by W. Va. Code § 37C-1-3.

55. SWNPO's and/or SWNPC's failure to timely remit royalty payments to Plaintiff and the Class Members as required by W. Va. Code § 37C-1-3 is not due to lack of record title in the interest owner, a legal dispute concerning the interest, a missing or unlocatable owner of the interest, or due to conditions otherwise specified in article 1.

56. Thus, SWNPO and/or SWNPC have violated W. Va. Code § 37C-1-3, and as a direct and proximate result of said violations, Plaintiff and the Class Members have suffered damages.

57. Accordingly, SWNPO and/or SWNPC are required to pay Plaintiff and the Class Members the mandatory additional payment specified in W. Va. Code § 37C-1-3.

**Fourth Cause of Action**
**(Declaratory Relief)**

58. Plaintiff restates the preceding allegations as if set forth herein verbatim.

59. Plaintiff and the Class Members are persons or entities interested in written contracts or instruments as set forth herein.

60. An actual controversy of a justiciable nature exists in the Northern District of West Virginia requiring a judicial declaration of contractual and/or legal rights, relations, duties and obligations.

61. A declaratory judgment is appropriate in this case since it will terminate or settle the controversy giving rise to this action.

62. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff and the Class Members seek a declaratory judgment of the duties and obligations of the parties under the Triad Leases on the following matters:

    a. that the Triad Leases do not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale;

    b. that the Triad Leases do not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty;

    c. that the Triad Leases do not expressly indicate the method of calculating the amount to be deducted for post-production costs;

    d. that the Triad Leases do not expressly permit any deductions of post-production costs from Plaintiff's and the Class Members royalty payments;

    e. that Plaintiff and the Class Members are entitled to receive an accounting from SWNPO and/or SWNPC for the sale of oil and gas produced and

marketed, including the total amount of oil and gas extracted and sold from their properties, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any production royalties are paid;

  f. that Plaintiff and the Class Members are entitled to an interest payment pursuant to W. Va. Code § 37C-1-3; and

  g. such other factual and legal issues as are apparent from the allegations and causes of action alleged above.

63. Plaintiff and the Class Members have a practical interest in the declaration sought and all parties having an interest therein or adversely affected have been made parties or cited herein.

### Fifth Cause of Action
### (Class Action)

64. Plaintiff restates the preceding allegations as if set forth herein verbatim.

65. This civil action is an appropriate case to be brought and prosecuted as a class action by Plaintiff against SWNPO and SWNPC pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66. There exists a class of individuals and entities like Plaintiff who have entered into oil and gas leases that contain the same or substantially similar royalty payment language as contained in the Starcher Leases.

67. Upon information and belief, the same or substantially similar royalty payment language contained in the Starcher Leases exists in other oil and gas leases entered into between West Virginia mineral owners and Triad or other oil and gas producer(s).

68. Upon information and belief, SWNPO produced oil and gas and tendered royalty payments pursuant to the same or substantially the same royalty payment language contained in the Starcher Leases.

69. Upon information and belief, SWNPO and/or SWNPC are producing oil and gas and tendering royalty payments pursuant to the same or substantially the same royalty payment language contained in the Starcher Leases.

70. Upon information and belief, SWNPO and/or SWNPC have deducted post-production costs from royalty payments tendered pursuant to the same or substantially the same royalty payment language contained in the Starcher Leases.

71. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings his claims for breach of contract, accounting, and declaratory judgment on behalf of the following:

> Persons and entities, including their respective successors and assigns, to whom SWNPO and/or SWNPC have paid oil and gas royalties on oil and gas produced by SWNPO and/or SWNPC pursuant to oil and gas leases which contain the following royalty payment provision, without regard to whether the royalty is one-eighth or some other figure: "In consideration of the premises the Lessee covenants and agrees: (A) To deliver to the credit of the Lessor in tanks or pipelines, as royalty, free of cost one-eighth (1/8) part of all oil produced and saved from the premises, or at Lessee's option to pay to Lessor the market price for such one-eighth (1/8) royalty oil at the published rate for oil of like grade and gravity prevailing on the date such oil is run into tanks or pipelines. In either case the Lessor to pay his royalty share of any expense, if any, for treating the oil from any well to make it marketable as crude; (B) To pay to the Lessor, as royalty, for the gas, including casinghead gas, coalbed methane gas, and other gaseous substances produced from each well drilled thereon, and marketed and used off the premises, one-eighth (1/8) of the price paid to Lessee at the well of such gas, less any charges for gathering, transportation, compression or line loss."

72. Plaintiff does not know the exact number of the Class Members but believes it to be so numerous and at least one hundred (100) in number that joinder is impracticable.

73. There are questions of law or fact common to the class which predominate over questions that might affect individual members, including:

    a. whether the Triad Leases expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale;

    b. whether the Triad Leases identify with particularity the specific deductions the lessee intends to take from the lessor's royalty;

    c. whether the Triad Leases expressly identify the method of calculating the amount to be deducted for post-production costs;

    d. whether the Triad Leases expressly permit any deductions of post-production costs from Plaintiff's and the Class Members' royalty payments;

    e. whether Plaintiff and the Class Members are entitled to receive an accounting from SWNPO and/or SWNPC for the sale of oil and gas produced and marketed from their respective properties; and

    f. whether Plaintiff and the Class Members are entitled to an interest payment pursuant to W. Va. Code § 37C-1-3.

74. Plaintiff's claims are typical of the claims of the class. Specifically, Plaintiff and the Class Members were damaged when SWNPO and/or SWNPC deducted post-production costs from their royalty payments when their oil and gas leases did not and do not permit the deduction of post-production costs under West Virginia law.

75. The same events and conduct that give rise to Plaintiff's claims are identical to those giving rise to the claims of every other Class Member, because Plaintiff and each Class Member are persons or entities that have suffered harm as a result of SWNPO and/or SWNPC deduction of post-production costs and/or the calculation of the mineral owners' royalty payments.

76. Plaintiff is a member of the class they seeks to represent, and, as class representatives, will fairly and adequately protect the interests of the class concerning common issues of fact and law.

77. Plaintiff has no interest antagonistic to the Class Members' interests and remedial theories pursued by Plaintiff are sufficiently aligned with the interests of absent Class Members.

78. Plaintiff has retained competent legal counsel experienced in the prosecution of class actions and mineral rights litigation.

79. The Class Members' interests in individually controlling the prosecution or defense of separate actions are substantial; the difficulties in management of this case as a class action are outweighed by the benefits it has with respect to disposing of common issues of law and fact as to the large number of litigants; and, it is desirable to concentrate the litigation in one forum for the management of this civil action due to the number of cases filed, pending and to be filed.

80. A class action is superior to all other available methods for fairly and efficiently adjudicating the claims of Plaintiff and the Class Members since prosecuting separate actions by or against individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct

for the party opposing the class and/or adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

  81. SWNPO and/or SWNPC have acted on grounds that are generally applicable to the class, thereby making final declaratory relief appropriate with respect to the class as a whole.

  82. SWNPO and/or SWNPC would not be prejudiced or inconvenienced by the maintenance of this class action in this forum.

## Ad Damnum Clause

**WHEREFORE**, the plaintiff, Denver Starcher, individually and as the representative of the class of all similarly situated persons and entities, respectfully requests for relief and judgment against the defendants SWN Production (Ohio), LLC f/k/a Triad Hunter, LLC, and SWN Production Company, LLC, as follows:

  a. that this Court issues a declaration that the Triad Leases do not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale;

  b. that this Court issues a declaration that the Triad Leases do not identify with particularity the specific deductions the lessee intends to take from the lessor's royalties;

  c. that this Court issue a declaration that the Triad Leases do not expressly indicate the method of calculating the amount to be deducted for post-production costs;

d. that this Court issue a declaration that the Triad Leases do not permit the lessee to deduct post-production costs from Plaintiff's and the Class Members' royalty payments;

e. that this Court issue a declaration that Plaintiff and the Class Members are entitled to receive an accounting from SWNPO and/or SWNPC for the sale of oil and gas produced and marketed, including the total amount of oil and gas extracted and sold from their properties, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any production royalties are paid;

f. that this Court issue a declaration for such other factual and legal issues as are apparent from the allegations and causes of action alleged above;

g. that the Court finds that this is an appropriate action to be prosecuted as a class action pursuant to the Federal Rules of Civil Procedure 23, and that the Court finds that Plaintiff and his counsel, are appropriate representatives and appropriate counsel for the class, and that this action shall proceed as a class action on the common issues of law and fact, all as this Court deems just and proper;

h. compensatory damages;

i. costs and disbursements of this action, including attorneys' fees;

j. pre-judgment and post-judgment interest; and

k. such other further and general relief, as may become apparent as this matter progresses and such other relief as this Court deems proper.

          Denver Starcher, individually, and as the representatives of the class of all similarly situated individuals and entities, Plaintiffs

By:   /s/ Christian E. Turak
       Christian E. Turak

Christian E. Turak, Esq.
WV State Bar No.: 12633
Jeremy M. McGraw, Esq.
WV State Bar No.: 10325
Gold, Khourey & Turak, L.C.
510 Tomlinson Ave.
Moundsville, WV 26041
(304) 845-9750
FAX: (304) 845-9750
cet@gkt.com
jmm@gkt.com

Daniel J. Guida, Esq.
WV State Bar No.: 4604
Guida Law Offices, PLLC
3374 Main St.
Weirton, WV 26062
(304) 748-1213
FAX: (304) 748-1225
guidalaw@comcast.net